McFarland, J.,
delivered the opinion of the Court.
This suit was brought against Tomeny as endorser of a note. The court below made a rule that a peremptory call of the docket would be made, beginning on a certain day, and continue until the docket *494 should be called through, and requiring attorneys to state upon honor whether or not they had a defense to the action, and if not, judgments to be taken for the amount of the plaintiff’s claim. This was for the purpose of allowing judgments to be taken in unlitigated actions of debt, which could not be reached upon the regular call of the trial docket, owing to the great number of cases.
"When this cause was called under the rule above mentioned, the defendant’s counsel declined to answer whether he had any meritorious defense, and objected to the court trying the cause until regularly reached upon the ordinary call of the docket for trial. The court overruled this objection, and a jury being waived, gave judgment for the amount of the note sued on.
The defendant excepted to the action of the court, and appealed in error from the judgment. This court has, heretofore, decided that inferior courts have the right to adopt the rule above mentioned in regard to the trial of unlitigated cases.
We think it not only within their power, but that it is eminently proper that such rules should be adopted. There is nothing unfair in requiring counsel for defendants in such cases to say, if they know, whether their clients claim to have a real defense, or are depending for time merely. This is not requiring them to disclose any fact communicated to them under professional confidence, to the legal injury of their clients, if the counsel do not know how the fact is they should say so. So there was no error in trying the case out of its order. If the defend *495 ant did not mean to admit the justness of the plaintiff’s demand, he had nothing to do but to say so, and the cause would have gone over until the regular call. But it is argued that the bill of exceptions purports to contain all the evidence, and there is no evidence to sustain the finding and judgment; that there is no evidence of demand and notice to charge the defendant as endorser. It is true that from the bill of exceptions it would seem the note and endorsement was all the evidence read, but the record contains an agreement of counsel that a copy of a notary’s certificate, which is in the record, was read, and shall be considered as if in the record at its proper place.
This shows demand and notice. It is objected to this, that this is only a copy from the notary’s book, certified to by another notary, and this was not competent evidence. A conclusive answer to this is, that if this paper was read, as the agreement shows, it was read without objection, and it might well be taken as a true copy and proof of the facts stated. It is next objected that this certificate only shows that notice was mailed to the defendant, through the Post Office at Memphis, when it should have been delivered in person, as he lived in Memphis. There is nothing to show the defendant’s residence except, in the endorsement, Memphis is written under his name. This may be prima fade evidence of his residence, but whether so or. not, adding the word Memphis to his name may be held as an implied direction to give the notice through the Post Office at Memphis. See *496 Davis v. The Bank of Tennessee, 4 Sneed, 390; and aside from all this it is apparent that the only defense attempted in this case was rested alone upon the question, whether the court was right in taking the case up for trial upon the call of the docket under the rule adopted; and the court below had the right, under the circumstances, to treat the refusal of the defendant or his counsel, to say that he had, or believed he had, a bona fide defense as an admission of the fact, that no such defense existed, that the notice had been given, or at least raising a very strong inference to that effect.
We do not think any injustice will be done, or any principle violated, by affirming the judgment.
Judgment affirmed.